FILED

Jun 26 2026, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



I N T H E

# Court of Appeals of Indiana

Judith A. Dasilva,

*Appellant-Defendant*

v.

Lisa Grahovac, Personal Representative for the Estate of James
R. Morken, deceased,

*Appellee-Plaintiff*

June 26, 2026

Court of Appeals Case No.
26A-ES-12

Appeal from the Steuben Circuit Court

The Honorable Jeremy T. Musser, Judge

Trial Court Cause No. 76C01-2507-ES-55

**Opinion by Judge Foley**
Chief Judge Tavitas and Judge Weissmann concur.

**Foley, Judge.**

[1] Judith A. Dasilva ("Dasilva") appeals the order granting judgment on the pleadings and denying her Petition to Determine Heirship in the Estate of James R. Morken ("the Estate"). Dasilva presents a single issue, which we restate as whether the trial court erred in interpreting Indiana Code section 29-1-2-8, the intestate succession statute regarding adopted children. We affirm.

## Facts and Procedural History

[2] James R. Morken ("the Decedent") is the biological father of Dasilva, who was born in 1983 during his marriage to Laure Hall ("Mother"). The marriage was dissolved in 1989. Mother subsequently married William Hall ("Stepfather"), and when Dasilva was approximately twelve years old, Stepfather petitioned a Florida court to adopt Dasilva. Mother and the Decedent consented to the adoption, and the Florida court granted the petition to adopt Dasilva in 1995.

[3] The Decedent died intestate on May 21, 2025, as a resident of Steuben County. The Decedent was unmarried at the time of his death and was survived by his mother, Phyllis A. Morken ("Phyllis"), and ten siblings. Phyllis died later that year. Following the Decedent's death, one of his siblings filed a Petition for Supervised Administration and was appointed Personal Representative.

[4] On October 7, 2025, Dasilva filed a Petition to Determine Heirship and an affidavit in support, asserting her right to inherit from the Decedent under Indiana Code section 29-1-2-8. This statute provides as follows:

> For all purposes of intestate succession, including succession by, through, or from a person, both lineal and collateral, an adopted child shall be treated as a natural child of the child's adopting parents, and the child shall cease to be treated as a child of the natural parents and of any previous adopting parents. However, *if a natural parent of a child born in or out of wedlock marries the adopting parent, the adopted child shall inherit from the child's natural parent as though the child had not been adopted*, and from the child's adoptive parent as though the child were the natural child. In addition, if a person who is related to a child within the sixth degree adopts such child, such child shall upon the occasion of each death in the child's family have the right of inheritance through the child's natural parents or adopting parents, whichever is greater in value in each case.

Ind. Code § 29-1-2-8 (emphasis added). Dasilva interpreted the italicized language to mean that because her natural parent—Mother—married her adopting parent—Stepfather—she remained entitled to inherit from both of her natural parents, Decedent and Mother, as though she had not been adopted. Michael Morken ("Movant"), a sibling of the Decedent, appeared in his capacity as the personal representative of Phyllis's estate and moved for judgment on the pleadings, claiming Dasilva was not Decedent's heir at law.

[5] Movant offered a competing interpretation of the statute, claiming that both references to the child's "natural parent" were references to the same natural parent, in this instance Mother. *Id.* Movant argued that the statute contained clear and unambiguous language demonstrating the legislative intent that, in the instance of a stepparent adoption, the adopted child would be treated as the

natural child of both the adoptive stepparent and the natural parent married to the adoptive stepparent.

[6] The trial court held a hearing on December 4, 2025, where the parties agreed that no material facts were in dispute and that the matter presented a pure question of statutory interpretation, i.e., whether Indiana Code section 29-1-2-8 recognized Dasilva as the Decedent's heir where, although Dasilva was the Decedent's biological child, she had subsequently been adopted by Stepfather.

[7] On December 10, 2025, the trial court granted the motion for judgment on the pleadings, thereby denying Dasilva's petition. The court disagreed with Dasilva's reading of the statute and found *In re Paternity of Duran*, 900 N.E.2d 454 (Ind. Ct. App. 2009),[1] persuasive in support of its reading. Dasilva now appeals.

## Discussion and Decision

[8] Dasilva claims the trial court erred in denying her Petition to Determine Heirship where the trial court applied Indiana Code section 29-1-2-8 and concluded that Movant was entitled to judgment on the pleadings.

[9] A motion for judgment on the pleadings under Indiana Trial Rule 12(C) tests the legal sufficiency of the claim as pleaded and should be granted only where it is clear from the face of the pleadings that under no circumstances could relief

---

[1] The parties refer to the case as *Duran v. Duran*.

be granted. *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017). We review judgment on the pleadings de novo. *Id.* The same standard governs questions of statutory interpretation. *Id.* Our goal in interpreting a statute is to give effect to the plain meaning of the language used in the statute, "mindful of both what it does say and what it does not say." *Garner v. Kempf*, 93 N.E.3d 1091, 1094 (Ind. 2018) (quoting *ESPN, Inc. v. Univ of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016)). So long as the statute is clear and unambiguous, we apply the words and phrases in their plain, ordinary, and usual sense. *Id.* A statute is ambiguous only if it is susceptible to more than one reasonable interpretation. *Loomis v. ACE Am. Ins. Co.*, 244 N.E.3d 908, 915 (Ind. 2024). Moreover, we consider the structure of the statute as a whole, avoiding interpretations that would (1) render part of the statute meaningless or superfluous or (2) bring about an unjust, absurd, or illogical result. *ESPN, Inc.*, 62 N.E.3d at 1195, 1199; *Finnegan v. State*, 240 N.E.3d 1265, 1269 (Ind. 2024).

[10] Indiana Code section 29-1-2-8 addresses the effect of adoption on intestate succession rights. It provides in full:

> For all purposes of intestate succession, including succession by, through, or from a person, both lineal and collateral, an adopted child shall be treated as a natural child of the child's adopting parents, and the child shall cease to be treated as a child of the natural parents and of any previous adopting parents. However, *if a natural parent of a child born in or out of wedlock marries the adopting parent, the adopted child shall inherit from the child's natural parent as though the child had not been adopted*, and from the child's adoptive parent as though the child were the natural child. In addition, if a person who is related to a child within the sixth

degree adopts such child, such child shall upon the occasion of each death in the child's family have the right of inheritance through the child's natural parents or adopting parents, whichever is greater in value in each case.

I.C. § 29-1-2-8 (emphasis added). Dasilva focuses her argument on the italicized language, arguing the statute creates (1) a condition—"if a natural parent of a child born in or out of wedlock marries the adopting parent"—and (2) a consequence—"the adopted child shall inherit from the child's natural parent as though the child had not been adopted . . . ." *Id.* Dasilva argues that, here, the condition is satisfied because Mother married Stepfather. She claims that, consequently, the statute directs that she "shall inherit from [her] natural parent"—the Decedent—"as though [she] had not been adopted . . . ." *Id.*

[11] Dasilva offers a strained reading of Indiana Code section 29-1-2-8, where the first reference to "a natural parent of a child" would refer to one natural parent while the second reference to "*the* child's natural parent" would refer to a different natural parent. *Id.* (emphasis added). Notably, the word "the" precedes the second reference, indicative of an intent to refer to the child's natural parent identified in the preceding conditional clause, i.e., the "natural parent . . . [who] marrie[d] the adopting parent"—not to both natural parents of the child. *Id.* This reading is reinforced by the legislature's use of plural language when—in two other places in the same statute—it intended to refer to both natural parents. *See id.* (specifying that a child generally "shall cease to be treated as a child of the natural *parents*" and, later, referring to "the right of inheritance through the child's natural *parents*" (emphases added)).

Furthermore, Dasilva's reading leads to an illogical result. The general rule under Indiana Code section 29-1-2-8 is that "an adopted child shall be treated as a natural child of the child's adopting parents, *and the child shall cease to be treated as a child of the natural parents and of any previous adopting parents*" for all purposes of intestate succession. (emphasis added). Under Dasilva's proffered reading, the statute creates an exception for an adopted child that allows the child to inherit from three parents—both biological parents and the adoptive parent. And yet, the statute lacks a reciprocal exception for a natural parent like the Decedent, who would not have been treated as an heir in the event Dasilva predeceased him. This is not the natural reading of the statute, nor a reasonable reading of the statute, which we conclude is unambiguous. This clause of the statute allows for stepparent adoptions, a common occurrence, such that the natural parent who marries the adoptive stepparent is exempted from the general rule that an adoption severs the intestate rights between the child and the natural parents. Put differently, the statute is not designed to resurrect inheritance rights from the natural parent whose legal responsibility for the child was extinguished by the stepparent adoption; rather, the statute is most naturally read to preserve the inheritance relationship between the adopted child and the natural parent who married the adoptive stepparent. *See* I.C. § 31-19-15-1 (relieving the parent of "all legal duties and obligations" to the child).

For the foregoing reasons, we agree with the trial court's interpretation of the plain language of Indiana Code section 29-1-2-8, which supports its decision to grant judgment on the pleadings and deny the Petition to Determine Heirship.[2]

Affirmed.

Tavitas, C.J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Nathan S.J. Williams
Shambaugh Kast Beck & Williams, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Thomas A. Hardin
Fort Wayne, Indiana

---

[2] Having resolved this case based on the plain language of the statute, we need not address Dasilva's reliance on the legislative history of Indiana Code section 29-1-2-8 or the applicability of passing language in *In re Paternity of Duran*, which involved a different clause concerning adoption by a grandparent or other relative.